UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:20-cv-81315-WPD

AUDREY BLACK-TUREAUD,

    Plaintiff,

v.

C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

## JOINT MOTION FOR TEMPORARY STAY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff Audrey Black-Tureaud ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiff and Bard are collectively referred to as the "Parties"), respectfully submit this Joint Motion for Temporary Stay and Incorporated Memorandum of Law and request that this Court stay this case and all actions in it for a period of ninety (90) days to permit the Parties to finalize settlement terms with respect to this and all cases filed by Plaintiff's counsel in similar matters, as the Parties have entered into a settlement in principle and are in the process of finalizing the details.[1]  Accordingly, the Parties jointly request that the Court enter an order staying this case for ninety (90) days to finalize the settlement and file a stipulation for dismissal.

---

[1] A Joint Stipulation for Dismissal Without Prejudice as to Defendant McKesson Corporation ("McKesson"), seeking to dismiss this case without prejudice as to McKesson, was previously filed with the Court.  (Doc. 35).

**MEMORANDUM OF LAW**

Plaintiff's counsel in this matter represents several plaintiffs with cases proceeding in this and other courts across the country asserting similar claims against Bard for injuries they contend arise out of their use of Bard's IVC filters.  The Parties have reached an agreement in principle to settle all claims in this matter and are in the process of finalizing settlement documents, before filing a stipulation for dismissal.  The Parties anticipate that finalizing settlement documents for all cases, including this case, will take up to ninety (90) days.

This Court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton,* 523 U.S. 574, 598 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing that the "[p]ower to stay proceedings is incidental to the power inherent in every court to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Castle v. Appalachian Tech. Coll.*, 430 F. App'x 840, 841 (11th Cir. 2011) (district courts have "inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" (citations omitted)); *Johnson v. Bd. of Regents of the Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"); *United States v. McCutcheon*, 86 F.3d 187, 190 (11th Cir. 1996) (noting the "broad discretion which is allowed a trial court to manage its own docket")); *Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp.*, No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) ("Federal courts routinely

exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency.").

Further, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015). Facilitating the Parties' efforts to resolve their dispute entirely through the finalization of settlement terms, where a settlement in principle already has been reached, is reasonable and constitutes good cause for granting the requested short-term stay of discovery. *See, e.g.*, *PNC Bank, Nat'l Ass'n v. Pharis*, 2:18-CV-626-FTM-99CM, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (finding good cause to stay proceeding for a period of sixty (60) days appropriate pending mediation and settlement discussions); *Technocable Wiring Specialist, Inc. v. Genesis Networks Telecom Servs.*, LLC, 8:16-CV-2590-T-35MAP, 2017 WL 7311851, at *1 (M.D. Fla. June 15, 2017) (stay appropriate while parties resolve case and finalize settlement).

Accordingly, the Parties respectfully request that the Court enter a stay of all activity in this case, for a period of ninety (90) days. The Parties have submitted a proposed Order, attached as Exhibit A.

**WHEREFORE**, the Parties jointly request a stay for a period of ninety (90) days to allow the Parties to finalize settlement details.

4

Dated: September 1, 2020 				Respectfully submitted,

| **FEARS NACHAWATI, PLLC** | **GREENBERG TRAURIG, P.A.** |
|---|---|
| */s/ Steven Schulte* | */s/ Jay A. Yagoda* |
| Steven Schulte | Sabrina R. Gallo |
| Texas Bar No. 24051306 | Florida Bar No. 419273 |
| Email: schulte@fnlawfirm.com | Email: gallos@gtlaw.com |
| Eric Przybysz | Jay A. Yagoda |
| Texas Bar No. 24102381 | Florida Bar No. 84811 |
| Email: ericp@fnlawfirm.com | 333 S.E. 2nd Avenue, Suite 4400 |
| Darren McDowell | Miami, Florida 33131 |
| Texas Bar No. 24025520 | Telephone: (305) 579-0500 |
| Email: dmcdowell@fnlawfirm.com | Facsimile: (305) 579-0717 |
| 5473 Blair Road | |
| Dallas, TX 75231 | *Counsel for Defendants C. R. Bard, Inc. and* |
| Telephone: (214) 890-0711 | *Bard Peripheral Vascular, Inc.* |
| Facsimile: (214) 890-0712 | |
| | |
| *Counsel for Plaintiff Audrey Black-Tureaud* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 1, 2020 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Jay A. Yagoda*
JAY A. YAGODA

## SERVICE LIST

Darren McDowell
Eric Martin Przybysz
Steven Schulte
**FEARS NACHAWATI, PLLC**
5473 Blair Road
Dallas, Texas 75231
Email: dmcdowell@fnlawfirm.com
ericp@fnlawfirm.com
schulte@fnlawfirm.com